**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

STATE OF DELAWARE        :
:
    v.                   :
:    ID No. 1509010730
DUSTIN TAYLOR,       :
:
    Defendant.           :
:

Submitted: February 6, 2025
Decided: February 28, 2025

**ORDER DENYING DEFENDANT'S MOTION TO
CORRECT AN ILLEGAL SENTENCE**

Upon consideration of defendant Dustin Taylor's motion to correct an illegal sentence and his supplement thereto, it appears to the court that:

1. Taylor filed a motion to correct an illegal sentence raising two arguments: (1) that he was illegally sentenced as a habitual offender because he was still serving a Level V sentence when he incurred the charges in this case, which did not allow for a period of rehabilitation, and (2) that he received ineffective assistance of counsel because his attorney did not file an appeal or move to correct the illegal sentence.

2. In his motion, Taylor did not specify which convictions he believed overlapped. This court asked Taylor by letter dated January 13, 2025, to identify the overlapping convictions. Taylor filed a response explaining that he was still serving

a Level V sentence imposed on May 7, 2014 for the charges of burglary third degree and possession of a firearm by person prohibited ("PFBPP") in Case No. 1312002706A[1] when he pleaded guilty on January 4, 2016 to the offense of assault in a detention facility. He argues that the 8-year sentence he received for assault in a detention facility is illegal because he had no chance for rehabilitation while he was still serving a sentence for his previous felony convictions. He cites to *Dickens v. State*,[2] where the Delaware Supreme Court remanded a case because the predicate offenses for Dickens' habitual offender status overlapped.

3.     Superior Court Criminal Rule 35(a) allows this court to correct an illegal sentence at any time. A sentence is illegal if it violates double jeopardy, is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to the substance of the sentence, or is a sentence that the judgment of conviction did not authorize.[3]

4.     Taylor's motion fails because his sentences for burglary third degree and PFBPP were imposed before he committed the offense of assault in a detention facility. Therefore, he had an opportunity for rehabilitation before he committed the

---

[1] Taylor was declared a habitual offender on the burglary third conviction and was sentenced to time served, 103 days. For the PFBPP charge, he was not declared a habitual offender but received the 5-year minimum sentence for that charge.
[2] 2012 WL 3104942 (Del. July 31, 2012).
[3] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).

offense of assault in a detention facility, even though he was still incarcerated for the burglary and PFBPP convictions.

5. Delaware courts have considered and rejected similar arguments to Taylor's. In *Payne v. State*, the defendant argued that "because he was never released from prison after committing his first felony, he had no opportunity for rehabilitation between sentences."[4] The Delaware Supreme Court found that the Superior Court correctly denied Payne's postconviction motion when it found that "'some chance for rehabilitation' does not mean time away from the criminal justice system but simply that the defendant be afforded sufficient opportunities to reform, even in the prison system."[5] The Court noted that to accept Payne's argument would preclude the application of the habitual offender statute to prisoners who commit felonies while incarcerated.

6. Likewise, this court rejected a similar argument and clarified any confusion arising from the Delaware Supreme Court's decision in *Buckingham v. State*[6] as follows: "'Some chance for rehabilitation after each sentencing' means only that there must be crime-conviction-sentence, crime-conviction-sentence sequencing, with no overlap, for each given felony that is included in the habitual offender status calculation. And there need be no more than the passing of a moment

---

[4] 1994 WL 91244, at *1 (Del. 1994).
[5] *Id*.
[6] 482 A.2d 327 (Del. 1984).

between the fall of the gavel recessing a prior's sentencing hearing and the person's commission of his next felony to insure there is no overlap."[7]

7.    In *Dickens*, the case upon which Taylor relies, the offenses and convictions overlapped. In Taylor's case, however, his offenses did not overlap. Taylor was serving a 5-year Level V sentence for PFBPP that was imposed on May 7, 2014 in Case No. 1312002706A. He committed the offense of assault in a detention facility on September 14, 2015. Therefore, he had over a year for rehabilitation before he committed the offense of assault in a detention facility. His sentence is not illegal.

8.    Taylor's second argument alleging ineffective assistance of counsel is time-barred under Superior Court Criminal Rule 61. But it also fails on its merits because, as explained above, his attorney had no basis to challenge the State's habitual offender motion or Taylor's sentence.

For these reasons, Taylor's motion to correct an illegal sentence must be DENIED.

IT IS SO ORDERED.

*/s/ Robert H. Robinson, Jr.*

Robert H. Robinson, Jr., Judge

---

[7] *State v. Peters*, 283 A.3d 668, 694 (Del. Super. Ct. Sept. 30, 2022) (emphasis omitted); s*ee also, e.g.*, *State v. Grzybowski*, 2024 WL 3466952 (Del. Super. Ct. July 17, 2024).

4